NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4000
_____

UNITED STATES OF AMERICA

v.

SHAWN STEWART,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-07-cr-00347-001)
District Judge: The Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2011

BEFORE: FUENTES, FISHER, and NYGAARD, Circuit Judges.
(Filed: June 20, 2011)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

I.

Appellant Shawn Stewart was arrested by Pennsylvania authorities and indicted by

a federal grand jury on charges of possession with intent to distribute cocaine and cocaine

base, in violation of 21 U.S.C. § 841(a). Before trial, Stewart filed a motion to suppress

evidence obtained from his arrest, which the District Court denied. Stewart's motion to dismiss the indictment for a violation of his Speedy Trial Act rights was likewise denied. Stewart then pleaded guilty to the charges, reserving the right to challenge the denial of his pre-trial motions on appeal.

The District Court sentenced Stewart to 130 months' imprisonment, as well as $100.00 special assessment and three years of supervised release. Despite the reserved appellate challenge, Stewart's defense counsel failed to file an appeal.

Stewart filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and asking for the reinstatement of his appellate rights and for a new sentence. The District Court agreed. Stewart's appellate rights were reinstated first. Then, following additional briefing, the District Court concluded that Stewart should not have been classified as a "career offender" under the Sentencing Guidelines. The District Court re-sentenced Stewart to time served. He filed a timely notice of appeal. Counsel filed an *Anders* brief and requested leave to withdraw. Stewart was given the opportunity to file a brief *pro se*, but has not done so.

## II.

Upon the submission by counsel of an *Anders* brief, our inquiry is twofold. First, we must consider "whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (quoting *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)). Counsel must "satisfy the court that [he] has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." *Youla*, 241 F.3d at 300 (citing *United*

*States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). "Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id*. Second, we must conduct an independent review of the record and determine for ourselves whether there are any non-frivolous issues for appeal. *Coleman*, 575 F.3d at 319. If counsel's *Anders* brief is adequate, we confine our review to the issues presented in counsel's brief and any *pro se* brief submitted by the defendant. *See Youla*, 241 F.3d at 301. However, even if counsel's brief is inadequate, we may still dismiss the appeal if it presents only patently frivolous issues. *See Marvin*, 211 F.3d at 781.

### III.

We find counsel's brief adequate. When a defendant pleads guilty, as Stewart has done here, three potential issues remain available on appeal: the jurisdiction of the district court, the validity or voluntariness of the guilty plea, and the legality of the sentence. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Counsel identifies each of these as potential grounds for relief, and after conducting a thorough review of the record, finds no issues of arguable merit for appeal. We agree. The first issue would clearly be frivolous because Stewart was charged with a federal crime; hence, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Moreover, as to the second issue, counsel demonstrated that he reviewed the record and the plea colloquy and found that any challenge to the validity or voluntariness of the plea would be frivolous. While Stewart did allege in his § 2255 petition that defense counsel gave him poor advice by advising him to plead guilty, his claim, without more, lacked sufficient specificity to be

3

meritorious. Finally, inasmuch as Stewart received a sentence of "time served," counsel correctly found there to be no appealable issue regarding his sentence. We are satisfied that counsel conducted a "conscientious examination" of the record and that his brief is adequate. Therefore, we will confine the remainder of our analysis to the issues raised by Stewart's reserved challenge to the District Court's pretrial rulings.

IV.

Stewart moved to dismiss the indictment in the District Court contending that his constitutional right to a speedy trial had been violated. *See* 18 U.S.C. §§ 3161–3174. Stewart first maintained he was deprived of his Sixth Amendment right to a speedy trial because, in a state court prosecution for related offenses, he had moved for dismissal based on a speedy trial violation and the Commonwealth had failed to respond. Collateral estoppel, Stewart argued, should have been applied to prohibit the related federal prosecution. However, collateral estoppel only bars a later proceeding when the same issue was previously litigated by the same parties. As the District Court here correctly explained, the Commonwealth of Pennsylvania and the United States Government are not the same parties. *See United States v. Greco*, 277 F.3d 339, 352 (3d Cir. 2002). Therefore, any challenge to the District Court's ruling on this point would be frivolous.

The record does reveal that Stewart's prosecution was delayed for approximately fourteen months. The District Court recognized, and the Government conceded, that such a lengthy delay was "presumptively prejudicial." *See, e.g., United States v. Dent*,

4

149 F.3d 180, 184 (3d Cir. 1998). The District Court employed the four-factor test governing constitutional speedy trial claims enunciated by the Supreme Court in *Barker v. Wing*, 407 U.S. 514, 530 (1972) and ultimately denied Stewart's motion to dismiss the indictment.[1] The District Court found it noteworthy that Stewart was not subjected to significant pretrial detention. Moreover, the Government put forth as reasons for this delay the large size of its docket and the additional time given to Stewart to consider plea offers during his state prosecution. The District Court found both Stewart and the Government equally responsible for the delay and that Stewart had appropriately asserted his rights. However, as to prejudice, Stewart offered no evidence or argument on this point. Therefore, it would be frivolous to argue on appeal that the District Court's ruling of no prejudice lacked merit.

Counsel's *Anders* brief further indicates that he reviewed the record and determined that any appeal challenging the District Court's denial of Stewart's suppression motion would be frivolous. Counsel concluded that an appeal of the traffic stop would be frivolous. A traffic stop is reasonable as long as "an officer possessed specific, articulable facts that an individual was violating a traffic law at the time of the stop." *United States v. Delfin-Colina*, 464 F.3d 392, 398 (3d Cir. 2006). Stewart's vehicle had a broken headlight and this was sufficient justification for the traffic stop. While the vehicle was stopped, the officers observed in plain view drug paraphernalia which they lawfully seized with Stewart's consent. Accordingly, we agree with counsel's

---

[1] These factors are (1) the length of the delay; (2) the reason for the delay; (3) whether and how the defendant asserted his constitutional rights; and (4) the resultant prejudice. *See Barker*, 407 U.S. at 530.

*Anders* brief that there is no nonfrivolous issue relating to the District Court's denial of the motion to suppress.

Stewart's contention that an outstanding arrest warrant in the City of Harrisburg was based on a police officer's coercion of a witness to name Stewart as a participant in an armed robbery was determined to be baseless by the District Court. After conducting a hearing on the issue, the District Court correctly determined that the evidence revealed no such coercion. We agree, and find that any appeal on this issue would be frivolous.

Lastly, any challenge to the appropriateness of Stewart's transfer from his arrest location in one Pennsylvania county to another would be frivolous. As recognized by the District Court and the Government here, the transfer did not comport with Pennsylvania Rule of Criminal Procedure 517.[2] Stewart believes that this violation requires the suppression of evidence seized from his traffic stop. However, Stewart presented no evidence that his transfer was constitutionally unreasonable and found no authority to support this contention. Further, the District Court correctly determined that Stewart suffered no prejudice because, had the appropriate transfer procedure been followed, Stewart's person would have been searched and the evidence discovered at that time.

V.

For the foregoing reasons, we affirm the sentence of the District Court and grant defense counsel permission to withdraw from the case. We find that counsel has

---

[2] Pennsylvania Rule of Criminal Procedure 517 provides that "When a defendant has been arrested in a court case, with a warrant, outside of the judicial district where the warrant of arrest was issued, the defendant shall be taken without unnecessary delay to the proper issuing authority in the judicial district of arrest for the purpose of posting bail, as permitted by law."

6

adequately shown that there are no nonfrivolous appealable issues and our independent review of the record reveals that there are no appealable issues of merit. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court of the United States. *See* Third Circuit Local Rule 109.2(b).